IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
**FORT SMITH DIVISION**

GEORGE A. MOHEIT                                                    PLAINTIFF

v.                              Civil No. 13-2015

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                    DEFENDANT

MEMORANDUM OPINION

Plaintiff, George A. Moheit, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his/her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background**

Plaintiff applied for DIB on November 1, 2010. (Tr. 8.) Plaintiff initially alleged an onset date of October 1, 2010, but later amended the date to July 1, 2010. (Tr. 8.) Plaintiff alleged disability due to neuropathy, back problems, depression, and scoliosis. (Tr. 158.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held by video teleconference on December 15, 2011. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Joanne Moheit, Plaintiff's wife, and Vocational Expert ("VE") Jim Spragins.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 38 years old, and possessed a high school education. The Plaintiff had past relevant work experience ("PRW") of appliance assembler, custodial worker, stocker, industrial cleaner, and newspaper deliverer. (Tr. 17.)

On January 13, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: hypertension, obesity, back disorder, congenital foot abnormalities, depression/adjustment disorder, and personality disorder. (Tr. 10.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work with the following exceptions: "The claimant is able to frequently lift and/or carry ten pounds and occasionally twenty pounds, sit for a total of six hours in an eight hour work day, and stand and/or walk for six hours in an eight hour work day. The claimant cannot climb ropes, ladders, or scaffolds. The claimant cannot work at unprotected heights or around dangerous moving machinery. The claimant is limited to occasional contact with the general public and only occasional contact with no more than five co-workers, and simple (one to three step) procedures that are routine and repetitive without frequent change in duties. He cannot do forced pace work or assembly line pace work." (Tr. 13.) With the assistance of the VE, The ALJ determined that the Plaintiff could perform such representative occupations as hotel/motel housekeeper and plastic molding machine tender. (Tr. 18.)

Plaintiff requested a review by the Appeals Council on January 13, 2012. (Tr. 1.) The Appeals Council declined review on November 16, 2012. (Tr. 1.)

## II.    Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's

2

decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion**

3

AO72A
(Rev. 8/82)

Plaintiff raises five issues on appeal: 1) the ALJ erred in his credibility analysis; 2) the ALJ erred by not obtaining a treating or examining Phycial RFC evaluation; 3) the ALJ failed to discuss Plainitff's low GAF scores and the VE's testimony about them; 4) the ALJ erred in failing to discuss Plaintiff's recent diagnosis of spastic diplegia, a form of cerebral palsy; and 5) the ALJ erred in evaluating Plainitff's obesity. (Pl.'s Br. 1-2.) Because this Court finds that there is no Physical RFC from any medical source, and that the credibility analyis was improper, the other issues will not be discussed.

**A.      No Physical RFC Evaluation From Any Medical Source**

The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace.""An administrative law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.)

In this case, there is no Physical RFC evaluation from any medical source. Therefore, the ALJ's Overall RFC was based on his own inferences from the medical record. This requires a remand.

On remand, the ALJ is directed to obtain a Phycial RFC evlaution from a treating physician or a consulatitve examiner. The ALJ is then directed to present the findings of this Physical RFC to the VE, in person or by interrogatory. The VE's testimony must then be used in developing the Overall RFC.

**B.      Improper Credibility Analysis**

In determining a claimant's RFC, "'the ALJ must first evaluate the claimant's credibility.'" *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). The ALJ must consider several factors when evaluating a claimant's subjective complaints of pain, including claimant's prior work record, observations by third parties, and observations of treating and

4

examining physicians relating to 1) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Casey*, 503 F.3d 687, 695 (8th Cir.2007) (citing *Polaski v. Heckler*, 729 F.2d 1320, 1322 (8th Cir.1984). In discrediting a claimant's subjective complaints, an ALJ is required to consider all available evidence on the record as a whole and is required to make an express credibility determination.  *Lowe v. Apfel,* 226 F.3d 969, 971 (8th Cir. 2000). However, the ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004). An ALJ's decision  to discredit a claimant's credibility is entitled to deference when the ALJ provides "good reason for doing so." *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001.)

In this case, the ALJ failed to note the presence of and the testimony from  an important third party in this case: Plaintiff's wife, Joanne Moheit. Ms. Moheit was noted as present on the cover of the hearing transcript, and her testimony comprised five  pages of the hearing transcript. Despite this, the ALJ did not include her presence in the procedural section of his opinion. Nor did he discuss any of her testimony in the opinion. An obvious error such as this one places the entire credibility analysis in doubt. Therefore, a remand is necessary.

On remand, the ALJ is directed to perform a new credibility analysis once all information from the remand has been received. This credibility evaluation must explicitly discuss each of the *Polaski* factors, and must take into account the discussion of the facts in this opinion.  Further, for each factor, the ALJ must explicitly include his reasoning for each factor, complete with accurate record citations to each source of facts used in that analysis.

**IV.    Conclusion**

5

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 17th  day of April 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

6